**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**PAMELA J. DIXON**                                                    **PLAINTIFF**

**VS.**

**WAL-MART STORES, INC.**                    **CAUSE NO. 23-cv-00019-DCB-BWR**

**AND**

**MORGAN'S STRIPING SERVICES, INC.**                              **DEFENDANTS**

<u>**AMENDED COMPLAINT**</u>

COMES NOW, Pamela J. Dixon, Plaintiff, and files this her Complaint for all damages by law allowed seeking recovery jointly and severally against the named Defendants, based upon the following facts:

1.      Plaintiff, Pamela J. Dixon, is an adult resident citizen of Pike County, Mississippi, residing at 2098 Robert Jones Road, Summit, Mississippi 39666.

2.      Defendant, Wal-Mart Stores, Inc., is a foreign business corporation whose registered agent for process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

Defendant, Morgan's Striping Services, Inc., is a foreign business corporation whose principal office address is 21789 Riverwood Avenue, Noblesville, Indiana 46062, and whose registered agent for process is Cheryl L. Morgan, 10390 E. 221st, Noblesville, Indiana 46062. Defendant, Morgan's Striping Services, Inc., is not qualified to do business in the State of Mississippi, but on the date and at the time of Plaintiff's injuries, this Defendant was doing business in the State of Mississippi and has thereby implicitly appointed the Honorable Michael Watson,

1

Secretary of State for the State of Mississippi, as its agent for service of process and process may be had on Mr. Watson giving notice to this Defendant in this civil action.

3.       This Court has jurisdiction and venue is proper in this Honorable Court based upon diversity of citizenship among the parties.

4.       On or about January 20, 2022, Plaintiff was a business invitee of the Wal-Mart store located in McComb, Mississippi, which is owned by the Defendant, Wal-Mart Stores, Inc. On said date, there existed a dangerous condition, specifically unmarked uneven pavement. This Defendant and/or Defendant's employees knew, or in the exercise of reasonable care, should have known that the dangerous condition existed, but failed to act to correct the danger.

The Defendant, Morgan's Striping Services, Inc. was at all times herein relevant, engaged in providing services to the co-Defendant, Wal-Mart Stores, Inc., and these services included and were not limited to the paving and/or repaving of the parking area that services this Defendant's store location in McComb, Mississippi. Both Defendants knew, or in the exercise of reasonable care should have known, that dangerous conditions existed in the parking surface and pedestrian way at the location where Plaintiff sustained her injuries, both Defendants failed to exercise reasonable care to correct such dangers, to erect appropriate warnings or otherwise protect the general public who were invitees, and this Plaintiff particularly, from harm resulting from their negligence.

5.       Plaintiff was an invitee of the business, which catered to the general public. This Defendants had undertaken construction on, over, and across, an intended walkway providing ingress and egress to and from the customer pickup area and store entrance. The Defendants created a hazardous, dangerous condition by shaving or otherwise removing existing paving from the parking area onto a sidewalk intended for pedestrian traffic in and through this area. The Defendants

2

created a disparity in height in the paved area abutting the concrete walkway of not less than two (2) inches. As the Plaintiff walked, as instructed and invited, into the pickup area to retrieve her purchase, this disparity in height between the paved surface and the concrete surface caused her to trip and fall onto the concrete resulting in serious personal injury including a broken arm and cracked and broken teeth.

Under the circumstances then and there existing, the Defendants maintained wholly inadequate lighting surrounding the dangerous condition located on the premises owned by, occupied by, or controlled by Defendants. Defendants provided no "caution" or other signage to indicate the dangerous condition. In addition, the Defendants could and should have maintained a walkway that did not leave exposed the two (2) inch ledge on which the Plaintiff tripped and fell. Defendants, through their employees, failed to take such reasonable measures which would have ither prevented, remedied, or warned invitees in general, and Plaintiff in particular, of this hazardous condition.

6.      Defendants, through their employees, owed business invitees in general, and Plaintiff specifically, a duty to maintain the premises in a reasonably safe condition.

7.      Defendants were negligent in their duties by failing to do the following:

A.      Failing to take such reasonable steps necessary to prevent the hazardous conditions or defects as alleged herein.

B.      Failing to take such reasonable steps to cure the hazardous conditions or defects which were actually known or reasonably should have been known to Defendants and their employees.

C.     Failing to adequately warn Plaintiff of the hazardous condition or defect which was actually known or reasonably should have been known.

D.     Failing to reasonably inspect the premises in such a manner so as to prevent the injuries and damage to Plaintiff as alleged herein.

E.     And such other omissions and negligent actions as may be shown upon the trial of this cause.

8.     As a direct and proximate result of the Defendants' negligence and/or breaches of duties as described above, Plaintiff has sustained severe and painful injuries; past and future pain and suffering; mental anguish and/or emotional distress; past and future medical expenses; lost wages; and loss of society, companionship, services, and consortium with her husband due to the physical and mental injuries she sustained from the trauma of her fall on January 20, 2022.

9.     The Defendant, Wal-Mart Stores, Inc., had contracted and employed with Morgan's Striping Service, Inc. to provide paving and resurfacing work of the parking area at the McComb Walmart Store and this work was undertaken by the said Morgan's Striping Service, Inc. In the course of said performance of this contract with the supervision and direction of the Defendant, Wal-Mart Stores, Inc. this work was begun. A part of the work being accomplished in resurfacing included the removal of the exposed surface, or part thereof, and replacing same with new overlay. In the process of overlaying the parking area, the Defendants negligently failed to place appropriate warnings and appropriate signage and/or other appropriate measures to prevent hazards in the pedestrian walkway along which this Plaintiff travelled to obtain the services for which she was invited to come to Walmart. As she proceeded, the accident described hereinabove occurred, and the Plaintiff suffered injuries as a result of the negligence of the Defendants, Wal-Mart Stores, Inc. and

4

Morgan's Striping Services, Inc. As a result thereof, the Plaintiff is entitled to judgment of and from the Defendants, jointly and severally.

WHEREFORE, all premises considered, Plaintiff, Pamela J. Dixon, seeks an award of fair actual damages against the Defendants in her own right, all such damages in awards commensurate with the proof adduced at trial of this cause. Plaintiff further seeks pre-judgment and post-judgment interest and all costs assessed and incurred herein.

PAMELA J. DIXON

By:    /s/ Ronald L. Whittington
       RONALD L. WHITTINGTON

Ronald L. Whittington
Whittington Law Firm, PC
Post Office Drawer 1919
McComb, Mississippi 39649
Telephone: (601) 684-8888
Facsimile: (601) 684-9709
MSBN 7173
Attorney for Pamela J. Dixon

5

## <u>CERTIFICATE OF SERVICE</u>

I, Ronald L. Whittington, counsel of record for Plaintiff, certify that I have on this date filed the above and foregoing Amended Complaint via CM/ECF which sent notice to all interested parties. The undersigned has further forwarded a true and correct copy of the aforesaid document via electronic mail to the Honorable Thomas M. Louis and Honorable Rajita Iyer Moss, counsel for Defendant.

THIS, the 1st day of August, 2023.

/s/ Ronald L. Whittington
RONALD L. WHITTINGTON

Ronald L. Whittington
Whittington Law Firm, PC
229 Main Street
Post Office Drawer 1919 (39648)
McComb, Mississippi 39649-1919
Telephone: (601) 684-8888
Facsimile: (601) 684-9709
MS Bar No. 7173
Attorney for Pamela J. Dixon

6